UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ARTHUR UNGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-4072 |
| | ) | |
| CATALINO BAUTISTA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court granted summary judgment in Defendants' favor in its Order entered June 23, 2023. (Doc. 102). The matter is before the Court for ruling on several outstanding motions.

**Defendants' Motion for Costs (Doc. 104)**

Defendants seek $4091.50 in costs related to deposition transcripts obtained for use in this case. Plaintiff objects, arguing that costs should not be awarded because he is indigent and unable to work because of his health. (Doc. 105).

The federal rules provide that "costs—other than attorney's fees—should be allowed to the prevailing party," unless a statute, rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Allowable costs include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court has broad discretion in awarding costs, but it "must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). The "losing party has the burden of demonstrating that taxed costs are not appropriate[.]" *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012).

The Court has discretion to consider a plaintiff's indigency when deciding the issue of costs, but "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). A plaintiff asserting indigency must provide sufficient documentation for the Court to make a threshold finding that he or she is unable to pay court-imposed costs now or in the future. *Id.*; *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019). Documentary evidence could include trust fund ledgers, affidavits, and other evidence showing income, assets, and expenses. *Rivera*, 469 F.3d at 635. If shown, the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.* No one factor is determinative. *Id.* at 635-36.

Plaintiff produced an affidavit dated September 2022, stating that he is not employed in prison, has no savings, and does not receive money from individuals outside the prison. (Doc. 105-1 at 2). He also produced documentation from the IDOC website indicating a parole date in November 2036, when he will be 71 years old. *Id*. at 4-6.

Trust fund ledgers disclose that Plaintiff received deposits totaling $700.00 from an individual outside the prison and a monthly stipend totaling $77.32 between February 8, 2023, and July 31, 2023. (Doc. 114). These amounts suggest that Plaintiff's financial situation has

changed since the date he executed the affidavit attached to his response, but they nonetheless indicate that Plaintiff would not be able to pay in full the $4091.50 Defendants have requested within a reasonable timeframe.[1] The Court finds that Plaintiff is indigent for purposes of assessing costs.

For a party seeking costs related to deposition transcripts, section 1920 requires "that the transcripts or copies be reasonably and prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 699 (7th Cir. 2014). The Seventh Circuit also instructs that taxing costs at the maximum rate of $3.65 per page set by the Judicial Conference of the United States "is appropriate in the absence of a showing that a departure is warranted." *Escamilla v. United States*, 62 F.4th 367, 376 (7th Cir. 2023); Judicial Conference of the United States, Transcript Rates, https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last accessed Aug. 18, 2023) (setting maximum rate of $3.65 per page for deposition transcript).

According to the invoices provided, the rates per page Defendants seek for transcripts from the depositions of Jonathan Ek, Stephanie Steele, Hector Garcia, Catalino Bautista, and Aisha Siebert exceed the maximum rate set by the judicial conference without a showing that the additional costs are justified. (Doc. 104-2 at 4-8). If recalculated at a rate not greater than the maximum rate set by the judicial conference, allowable costs total $3,145.30[2], which still

---

[1] 28 U.S.C. § 1915(f)(2)(A)-(B) requires the Court to collect 20% of Plaintiff's monthly income exceeding ten dollars as payment towards any costs assessed. If the Court assumes that Plaintiff will continue to receive income at the rate disclosed in the trust fund ledgers, it will take Plaintiff more than 14 years to pay the requested costs in full.

[2] Broken down as follows: $422.40 for Plaintiff's deposition ($105.00 appearance fee plus $317.40 transcript fee); $605.90 for Ek's deposition ($3.65 times 166 pages); $605.90 for Steele's deposition ($3.65 times 166 pages); $441.65 for Garcia's deposition ($3.65 times 121 pages); $346.75 for Garcia's deposition ($3.65 times 95 pages); $722.70 for Siebert's deposition ($3.65 times 198 pages).

exceeds any amount Plaintiff could pay in a reasonable amount of time. Unlike most other prisoner litigants, Plaintiff filed this case with the assistance of counsel, he likely relied upon the counsel's judgment regarding the viability of his claims, and the medical issues were not so common or well-settled to permit a finding that Plaintiff's decision to file this lawsuit was frivolous or in bad faith. Defendants' motion for costs is denied.

### Motion for Extension of Time (Doc. 106)

Plaintiff seeks an extension of time to file an appeal. The motion is granted. Fed. R. App. P 4(a)(5)(A). Plaintiff has since filed a Notice of Appeal. (Doc. 107). New deadlines are not necessary.

### Plaintiff's Motions for Leave to Appeal in forma pauperis (Docs. 106, 113)

Plaintiff filed two motions for leave to appeal in forma pauperis. Title 28 U.S.C. § 1915(a)(3) provides that "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id*. An appeal taken in "good faith" is not about the movant's sincerity or motivation. A good faith appeal is an appeal that "a reasonable person could suppose... has some merit." *Walker v. OBrien*, 216 F.3d 626, 632 (7th Cir. 2000).

Plaintiff's motions do not elaborate on how the Court erred in granting summary judgment in Defendants' favor. The Court does not see an arguable good faith basis for appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that Plaintiff's petition to appeal in forma pauperis is not in good faith, and the motions are denied.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Costs [104] is DENIED.**
2) **Plaintiff's Motion for Extension of Time [106] is GRANTED.**

3) **Plaintiff's Motions for Leave to Appeal in forma pauperis [108][113] are DENIED.**

Entered this 28th day of September, 2023.

*s/Jonathan E. Hawley*
JONATHAN E. HAWLEY
UNITED STATES MAGISTRATE JUDGE

4:20-cv-04072-JEH   # 115   Filed: 09/28/23   Page 5 of 5